**RICCI & FAVA, LLC**
**16 Furler Street, 2nd Floor**
**Totowa, New Jersey 07512**
**(973) 837-1900**
**Attorneys for Plaintiff Michael Raymond**
**Attorney ID No.: 033531996**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL RAYMOND<br><br>Plaintiff,<br><br>vs.<br><br>HUNTERDON CENTRAL REGIONAL BOARD OF EDUCATION VINCENT PANICO, LORI BLOTFIELD, LISA HUGHES, ROBERT MCNALLY, ROBERT RICHARD, CHRISTOPHER SOBIESKI, KAREN PALESTIN-FALK XYZ PUBLIC ENTITIES 1-10 and JOHN DOES 1- 10, (fictitious names and true identities presently unknown), all in their official and individual capacities, individually, jointly and severally<br><br>Defendants. | Civil Action No.<br><br>Hon.<br><br>**COMPLAINT AND JURY TRIAL <u>DEMAND</u>** |

Plaintiff, MICHAEL RAYMOND, by and through his attorneys **RICCI & FAVA, LLC,** by and for cause of action against the Defendants, both jointly and severally, respectfully sets forth the following:

## INTRODUCTION

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff Michael Raymond ("RAYMOND" or "Plaintiff") to redress the intentional violations by the Defendants of the rights secured to him by the laws of the United States of America and the statutory and common law of the State of New Jersey. Among other things, Plaintiff seeks recovery for damages suffered for violations of his First, Fifth and Fourteenth Amendment rights.

2. The Hunterdon Central Regional Board of Education, ("Defendant HUNTERDON BOE") by and through the individual defendants, effectively and unlawfully turned the Athletic Director into a political patronage position or retaliated against individuals who were not politically connected to their political organizations, in violation of the First and Fourteenth Amendment, and consequently Plaintiff has suffered lost wages and salary, loss of career advancement and opportunities, emotional distress, and physical manifestations of emotional distress.

## JURISDICTION AND VENUE

3. Venue is proper in the United States District Court, District of New Jersey pursuant to 28 U.S.C. § 1391 as all Defendants are residents of the district and/or acts or omissions which give rise to this cause of action occurred within this district.

4. Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3)(4) and 42 U.S.C. §1983, the First and Fourteenth Amendments of the United States.

5. The incidents which give rise to this cause of action occurred within two years of the filing of this Complaint.

6. Plaintiff avers that Defendants do not have immunity for violating the civil rights of citizens.

**PARTIES**

7. At all relative times herein Plaintiff, MICHAEL RAYMOND (hereinafter referred to as “RAYMOND” or “Plaintiff”) was and is a resident of the State of New Jersey, residing at 314 Gano Road, Asbury, New Jersey 08802.

8. At all relevant times herein Defendant, HUNTERDON BOARD OF EDUCATION (“BOE”), whose offices are located at 84, Rt. 31 Flemington, New Jersey 08822, is the employer of RAYMOND and is comprised of nine members, elected by constituents in the five municipalities whose students attend Hunterdon Central Regional High School: one each from Delaware Township, East Amwell Township and the Borough of Flemington; three each from Raritan Township and Readington Township.

9. At all relevant times herein, Defendant Vincent Panico was the President of the HUNTERDON BOE and resides at 151 Aster Court, Whitehouse Station, New Jersey 08889.

10. At all relevant times herein, Defendant Lori Blutfield was the Vice President of the HUNTERDON BOE 14 Trimmer Road, Lebanon, New Jersey 08833.

11. At all relevant times herein, Defendant Lisa Hughes was a member of the HUNTERDON BOE and resides at 18 Indian Purchase, Whitehouse Station, New Jersey 08889.

12. At all relevant times herein, Defendant Robert McNally was a member of the HUNTERDON BOE and resides at 37 Coppermine Village, Flemington, New Jersey 08822.

13. At all relevant times herein, Defendant Robert Richard was a member of the HUNTERDON BOE and resides at 45 Bristol Avenue, Flemington, NJ 08822

14. At all relevant times herein, Defendant Christopher Sobieski was a member of the HUNTERDON BOE and resides at 15 Danberry Drive, Ringoes, New Jersey 08551.

15. At all relevant times herein, Defendant Karen Palestin-Falk was a member of the HUNTERDON BOE and resides at 73 Upper Creek Road, Stockton, New Jersey 08559.

16. Collectively the named individual defendant members of HUNTERDON BOE shall herein be referenced as "Individual Board Member Defendants."

17. Upon information and belief Individual Board Member Defendants are residents of the State of New Jersey.

18. At all relevant times herein, Defendants XYZ Public Entities 1-10 are fictitious names and remain fictitious as the true identities of these defendants are unknown to date, were and are the Public Entities that employed any officers that were acting in his / their official capacity under color of law.

19. At all relevant times herein, Defendants John Does 1- 10 are fictitious names and remain fictitious as the true identities of these defendants is unknown to date, were and are police officer(s) employed by the Defendant Public Entities, acting in his / their official capacity under color of law.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

20. RAYMOND is a tenured employee with HUNTERDON BOE.
21. RAYMOND began his employment with HUNTERDON BOE in or about 1995.
22. RAYMOND remained a health and physical education teacher through June 30, 2015.
23. On or about July 1, 2015 RAYMOND was promoted to the title of Supervisor of Athletics.
24. RAYMOND remained in the title of Athletic Director through June 30, 2018.
25. As Athletic Director, RAYMOND was evaluated by no less than two (2) superintendents, Dr. Johanna Ruberto and Dr. Jeffrey Moore.
26. RAYMOND's June 2017 evaluation written by principal Suzanne Cooley and signed off by the superintendent Roberto concluded that he was "effective in the manner in which he communicates the goals of the athletic program to constituencies;" was "well prepared;" had "sound knowledge of the clearance process" and "eligibility requirements;" was "highly effective in building strong relationships with key Hunterdon Central and external personnel;" was effective om building excitement about the "school and the program's mission;" was "comfortable when speaking publicly;" was "patient" and "respectful" with

parents when they ask about the program; and was “sincere” and shows “genuine interest in ensuring parents and students have a positive experience.”

27. In his June 2017 summative evaluation commended RAYMOND for being a “consummate professional;” for having “knowledge of policy as it relates to athletics;” for utilizing knowledge to make appropriate decisions;” for being an effective communicator;” for demonstrating an “ability to garner the support of stakeholders as a result of his honest and up-front approach; for being “approachable and genuine in his efforts to assist coaches and colleagues;” for being an “advocate for athletes;” for ensuring “the best resources are available to all athletic programs;” for demonstrating “the ability to collaborate with colleagues from other departments on school wide projects and initiatives;” for establishing a “Coaches Advisory Council to assist in the development of a more systematic approach” to athletics;” and for implementing “student-athlete contracts within most athletic-programs.”

28. In June 2017 RAYMOND was said to have met all of his goals.

29. In his evaluations for the 2017-2018 school term signed off by Dr. Moore who became superintendent at the commencement of the 2017-2018 school term RAYMOND was given scores that were consistently effective.

30. As a result of RAYMOND’s effective performance, Dr. Moore, the superintendent of schools, recommended that his contract as Athletic Director be renewed for the 2018-2019 term.

31. On or about April 30, 2018 Defendant HUNTERDON BOE voted to accept the superintendent's recommendation for contract renewal by a vote of 6-0 with 1 abstention.

32. Then on May 14, 2018 at a special meeting called to reconsider the decision to approve RAYMOND's contract renewal taken two weeks earlier, Defendant HUNTERDON BOE by a vote of 7-2 rescinded its earlier renewal action and non-renewed RAYMOND's contract as Athletic Director for the 2018-2019 school term.

33. Superintendent Jeffrey Moore, Ed.D. made a public statement in support of renewal for RAYMOND's contract as Athletic Director, however, Defendant HUNTERDON BOE reversed itself and rescinded the prior vote of approval for RAYMOND's contract renewal as Athletic Director, and by a vote of 7-2 voted to reject Superintendent Moore's recommendation for contract renewal.

34. Responding to RAYMOND's timely request for a Statement of Reasons Defendant HUNTERDON BOE forwarded to RAYMOND Reasons for his non-renewal which it said was based on insufficient training, implementation, and communication of NJSIAA rules and policies.

35. Responding to RAYMOND's timely request for a Statement of Reasons Defendant HUNTERDON BOE forwarded to RAYMOND Reasons for his non-renewal which it said was based on poor communication and/or implementation regarding student-athlete evaluations, tryout processes, policies on academic conflicts, and how cuts are handled across different sports.

36. Responding to RAYMOND's timely request for a Statement of Reasons Defendant HUNTERDON BOE forwarded to RAYMOND Reasons for his non-renewal which it said was based on student-athlete contracts not uniformly implemented.

37. Responding to RAYMOND's timely request for a Statement of Reasons Defendant HUNTERDON BOE forwarded to RAYMOND Reasons for his non-renewal which it said was based on poor communication with parents, student-athletes and coaches, and insufficient communication processes for the benefit of student-athletes and parents.

38. Nothing occurred between April 30 and May 14 which would have warranted having Defendant HUNTERDON BOE to change its April 30 approval of RAYMOND's contract renewal.

39. Defendant HUNTERDON BOE had not received any notice of any kind that any of RAYMOND's actions or his performance between April 30 and May 14, 2018 warranted a reversal of the prior vote to accept the superintendent's recommendation for renewal.

40. The evaluations received by RAYMOND do not support the reasons given in Defendant HUNTERDON BOE's Statement of Reasons for non-renewal.

41. There is no basis in fact for the reasons given for RAYMOND's non-renewal of contract.

42. The superintendent of schools who observed RAYMOND and who evaluated his performance during the 2017-2018 school term did not change his

recommendations to renew RAYMOND's contract for the 2018-2019 school term.

43. RAYMOND was given a "Donaldson" hearing on or about June 11, 2017 at which time in executive session RAYMOND appeared before Defendant HUNTERDON BOE along with former interim superintendent Ruberto, to speak to the non-renewal action that had been taken on May 14, 2018.

44. In addition, several other residents and staff members spoke during the public meeting in support of RAYMOND's contract renewal.

45. Nevertheless, Defendant HUNTERDON BOE informed RAYMOND that it had not changed its position to not renew his contract as Athletic Director.

46. During his tenure, RAYMOND was required to cut athletes from the teams. As a head baseball coach and Athletic Director for Hunterdon Central Regional High School. These decisions were always very difficult for RAYMOND.

47. Many players and their parents have disagreed with RAYMOND's decisions over the years.

48. Some of these unhappy parents are significantly involved in the local politics of the municipalities which send their children residents to Hunterdon Central Regional High School.

49. Individual Board Member Defendants ignored the advice of trained educators to rehire RAYMOND because they were concerned only with advancing themselves politically in the eyes of the people who select the candidates for the elected positions in their municipalities.

50. Individual Board Member Defendants retaliated against RAYMOND because he refused to get involved in local politics or contribute money to the local candidates.

**COUNT I**
**42 U.S.C. § 1983 FIRST AMENDMENT VIOLATIONS**

51. Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

52. Defendants created a political patronage requirement for the position of Athletic Director, for no justifiable reason.

53. Defendants violated the provisions of 42 U.S.C. § 1983 in that Defendants, acting under color of state law, deprived Plaintiff of the privileges and immunities secured to him by the First and Fourteenth Amendments of the United States Constitution and, in particular, their right to hold employment without infringement of their First Amendment right to freedom of speech and association.

54. Defendants willfully and recklessly took adverse employment action against RAYMOND, in order to deny Plaintiff his First Amendment right to free speech and association.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

i. Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Constitution;

ii. Enjoin Defendants from continuing said practices;

iii. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress, physical manifestations of emotional distress, and other damages;

iv. Award reasonable costs and attorney's fees;

v. Award punitive damages;

vi. Grant any other relief this Court deems just and proper.

## COUNT II
## VIOLATION OF 42 U.S.C. §1983 FIRST AMENDMENT VIOLATIONS

55. Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

56. Defendant HUNTERDON BOE developed and maintained a number of deficient policies and/or customs that caused the deprivation of RAYMOND's First Amendment rights.

57. Defendants' policies and customs encouraged the Individual Board Member Defendants to believe that they could violate the constitutional rights of RAYMOND with impunity and with the explicit or tacit approval of the Hunterdon Board of Education.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

i. Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Constitution;

ii. Enjoin Defendants from continuing said practices;

iii. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress, physical manifestations of emotional distress, and other damages;

iv. Award reasonable costs and attorney's fees;

v. Award punitive damages;

vi. Grant any other relief this Court deems just and proper.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983 DUE PROCESS VIOLATIONS

58. Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

59. RAYMOND possessed a legitimate expectation of entitlement to employment and to his duties as Athletic Director with all attendant rights and privileges. This expectation was grounded in Plaintiff's tenure and/or in the contract between

RAYMOND and the Defendant HUNTERDON BOE. Plaintiffs' expectation of employment constituted a property right.

60. By being terminated as Athletic Director prior to the end of the contract, Defendants violated RAYMOND's property rights.

61. Further, this property right was deprived without due process of law.

62. Defendants' policies and customs encouraged the Individual Board Member Defendants to believe that they could violate the constitutional rights of RAYMOND with impunity and with the explicit or tacit approval of the Hunterdon Board of Education.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

i. Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Constitution;

ii. Enjoin Defendants from continuing said practices;

iii. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress, physical manifestations of emotional distress, and other damages;

iv. Award reasonable costs and attorney's fees;

v. Award punitive damages;

vi. Grant any other relief this Court deems just and proper.

**COUNT IV**
**(42 U.S.C. §1983 CONSPIRACY)**

63. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

64. Individual Board Member Defendants and/or John Doe Defendants conspired to violate RAYMOND's constitutional rights as set forth herein.

65. Defendants conspired and acted in bad faith in violation of 42 U.S.C. §§1983 and 1986; and the First and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of New Jersey.

66. As a direct and proximate result of Defendants' actions, RAYMOND has, and will in the future, suffer pain, emotional distress, physical manifestations of emotional distress, humiliation, embarrassment, inconvenience, loss of tenure, loss of pleasure and enjoyment of life, loss of reputation, lost wages, lost wage-earning capacity, loss of benefits and past and future medical expenses.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

i. Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Constitution;

ii. Enjoin Defendants from continuing said practices;

iii. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress, physical manifestations of emotional distress, and other damages;

iv. Award reasonable costs and attorney's fees;

v. Award punitive damages;

vi. Grant any other relief this Court deems just and proper.

**COUNT V**
**(BREACH OF CONTRACT)**

67. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

68. RAYMOND possessed a legitimate expectation of entitlement to employment and to his duties as Athletic Director (through a contractual agreement) with all attendant rights and privileges. This expectation was grounded in RAYMOND's tenure and/or in the contract between RAYMOND and the Defendant HUNTERDON BOE. RAYMOND's expectation of employment constituted a property right.

69. Defendants breached the contract and obligation to RAYMOND by rescinding the Athletic Director position, thereby denying RAYMOND his property rights.

70. As a direct and proximate result of Defendants' actions, RAYMOND has, and will in the future, suffer pain, emotional distress, physical manifestations of emotional distress, humiliation, embarrassment, inconvenience, loss of tenure, loss of pleasure and enjoyment of life, loss of reputation, lost wages, lost wage-earning capacity, loss of benefits and past and future medical expenses.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

i. Enter a declaratory judgment that Defendants' retaliatory acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the United States Constitution;

ii. Enjoin Defendants from continuing said practices;

iii. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress, physical manifestations of emotional distress, and other damages;

iv. Award reasonable costs and attorney's fees;

v. Award punitive damages;

vi. Grant any other relief this Court deems just and proper.

RICCI & FAVA, LLC

/s/ Ronald J. Ricci
Ronald J. Ricci, Esq.
Attorneys for the Plaintiff, MICHAEL RAYMOND

Dated: December 07, 2018

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues herein presented.

RICCI & FAVA, LLC

/s/ Ronald J. Ricci
Ronald J. Ricci, Esq.
Attorneys for the Plaintiff, MICHAEL RAYMOND

Dated: December 07, 2018

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Ronald J. Ricci, Esq. is herewith designated as trial counsel.

RICCI & FAVA, LLC

/s/ Ronald J. Ricci
Ronald J. Ricci, Esq.
Attorneys for the Plaintiff, MICHAEL RAYMOND

Dated: December 07, 2018

## CERTIFICATION

I certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

RICCI & FAVA, LLC

/s/ Ronald J. Ricci
Ronald J. Ricci, Esq.
Attorney for the Plaintiff, MICHAEL RAYMOND

Dated: December 07, 2018